OXFORD CONSTRUCTION COMPANY, RELATOR, v. CITY OF ORANGE AND THOMAS J. DOWLING, BUILDING AND PLUMBING INSPECTOR OF THE CITY OF ORANGE, DEFENDANTS.

Submitted January 29, 1926—Decided May 4, 1926—Filed May 19, 1926.

Zoning — Apartment-Houses in Restricted Territory — Brief of Respondent, Devoted to an Effort to Show That the Zoning Cases in This State Have Been Wrongly Decided, Should be Addressed to the Court of Errors and Appeals—Facts in This Case Not Sufficiently Set Forth to Enable a Determination Whether the Regulations With Reference to the Height of the Building, Requirements as to Yards, etc., are Within Proper Exercise of Police Power—If They are General, Applying Throughout the City, and Reasonable, They Would be Valid—If Merely Designed to Assist in Carrying Out the Purpose of Segregating Different Classes of Buildings in Different Zones, They Would be Invalid—An Alternative Writ Will be Allowed to Enable Relator to Show Additional Facts Necessary to Justify a Peremptory Writ.

On rule to show cause why a peremptory or alternative writ of *mandamus* should not issue.

Before Justices TRENCHARD and KATZENBACH.

For the relator, *Frederic W. Schlosstein.*

For the defendants, *William A. Calhoun* (*Spaulding Frazer,* of counsel).

PER CURIAM.

This is a zoning case. It is presented to this court upon a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue to command the city of Orange and Thomas J. Dowling, its building and plumbing inspector, to issue a permit to the relator, Oxford Construction Company, for the erection of four five-story brick apartment-houses. The case is submitted on a state of facts

agreed upon by the parties.   The facts agreed upon show that the relator is the owner of premises located at the northwest corner of Highland avenue and Lincoln avenue, in the city of Orange, having a frontage on Lincoln avenue of two hundred and sixty and forty-one hundredths feet, and on Highland avenue of one hundred and sixteen and fifty hundredths feet.   On October 8th, 1925, the relator applied to the building and plumbing inspector of Orange for a permit to erect four five-story brick apartment-houses on the said lot in accordance with plans and specifications submitted.   The inspector refused to issue the permit on the ground that it would contravene the provisions of the zoning ordinance of the city of Orange, passed May 11th, 1922.   The agreed state of facts refers to schedules A and B annexed thereto, which contains the section of the ordinance pertinent to the present controversy.

The premises of the relator are located in residence A zone.   In this zone the ordinance prohibits the erection of any building for use other than a dwelling for one family or for one housekeeping unit.   An office or studio is permitted, also a municipal building, parks, public and parochial schools, churches, farms, gardens, nurseries and greenhouses, and, under certain restrictions, a private garage.   Private schools, lodges, social and community centers, recreation buildings are likewise prohibited, unless the written consent to the erection of the proposed building by the owners of eighty per cent. of the frontage of all the lots within two hundred feet of the property upon which it is proposed to build is filed.

Schedule B contains the following provision: "No part of any building shall be higher than the distance it sets back from the street line of each street on which it faces, except that along one side of a corner lot such set-back distance may be reduced by ten feet.   No building shall exceed two and one-half stories in height, and the slope of the main roof or mansard shall not start above the middle of the height of the third story."   There then follows requirements as to yards, rear yards and side yards.

The relator relies upon the case of *Ignaciunas* v. *Risley*, 98 *N. J. L.* 712, and *Holding Corporation* v. *Hague*, 2 *N. J. Mis. R.* 74, and the later cases which have followed these decisions. As to the set-back the relator relies on the case of *Heller* v. *Village of South Orange*, 3 *Id.* 1076. Counsel for the respondents has filed an elaborate brief in which it is argued that every intendment is to be taken in favor of the validity of the ordinance, and that it is valid so far as it relates to the height of the building. The respondents also contend that any regulation that reasonably tends to protect the morals, health, safety and general welfare of a community is a valid exercise of the police power.

A large part of the brief is devoted to an effort to show that the zoning cases in this state, decided by the Court of Errors and Appeals, have been wrongly decided. This is not the court to which to address such an argument. It should be addressed to the Court of Errors and Appeals. The attempt to exclude apartment-houses from a residential zone is a question which, standing alone, has been met in the various zoning cases, and decided adversely to the contentions of the respondents. There is no basis for the refusal on this ground of the building and plumbing inspector of Orange to grant a building permit. The difficulty that we have met with in the present case is that the facts are not sufficiently set forth in the state of the case to enable us to determine whether or not the regulations in the ordinance with reference to the height of the building, requirements as to yards, rear yards and side yards, are within the proper exercise of the police power. If these provisions are general provisions applying throughout the city of Orange, then, if reasonable, they would be a valid exercise of the police power. If the provisions are merely designed to assist in carrying out the purpose of segregating different classes of buildings in different zones, then such provisions are unreasonable, discriminatory and ineffective to effectuate the purpose intended. There is no reason why an apartment-house should be limited as to height to two and one-half stories in one sec-

tion of a city and be permitted to be built to a greater height in other sections of the same city.   The facts stipulated in the state of the case are too meagre to enable us to pass upon this question in the present case.   We will withhold the granting of a peremptory writ of *mandamus*, but allow the relator an alternative writ.   This will enable the relator to show upon the return of the alternative writ such additional facts as will enable the court to determine whether the relator is entitled to a peremptory writ of *mandamus* or the issuing of a building permit.